# Exhibit A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

DAVID M. PHILLIPS, on behalf of himself and all others similarly situated,

*Plaintiff(s)*,

vs.

CARSON SMITHFIELD, LLC,

*Defendant.*

**CIVIL DIVISION**

**ELECTRONICALLY FILED**

Case No.:

**CLASS ACTION COMPLAINT**

Filed on Behalf of Plaintiff:
David M. Phillips

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

Brian J. Fenters
Pa. I.D. No. 320202

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone: (412) 545-3015
Fax No.: (412) 540-3399
E-mail: JWard@FentersWard.com

**NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on ________________________________________, 20____, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

DAVID M. PHILLIPS, on behalf of himself and all others similarly situated,

*Plaintiff(s),*

vs.

CARSON SMITHFIELD, LLC,

*Defendant.*

**CIVIL DIVISION**

**ELECTRONICALLY FILED**

Case No.:

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, DAVID PHILLIPS, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiff"), by and through undersigned Counsel of Record, and files this Class Action Complaint against the above named Defendant, CARSON SMITHFIELD, LLC, (hereinafter, "Defendant"), showing the Court as follows:

**PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA after finding existing laws "inadequate to protect consumers," and that "effective collection of debts" did not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.A. §§ 1692(b) &(c).

2. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

3. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

## JURISDICTION AND VENUE

4. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692, *et seq.* (hereinafter, the "FDCPA").

5. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2), (3), and (4) because Defendant regularly conducts business in Allegheny County, Pennsylvania, the cause of action arose in Allegheny County, Pennsylvania, and a transaction or occurrence took place in Allegheny County, Pennsylvania out of which this cause of action arose.

## PARTIES

6. Plaintiff is a natural person and resident of Pennsylvania who currently resides at 57 Troy Street, Pittsburgh, Pennsylvania 15209-2547.

7. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

8. Defendant is a collection agency with a place of business located at 225 W. Station Square Drive, 4th Floor, Pittsburgh, Pennsylvania 15219.

9. Upon information and belief, Defendant is a limited liability corporation primarily in the business of the collection of debts or that regularly collects or attempts to collect debts alleged to be due to another.

10. Defendant is a "debt collector," as defined by 15 U.S.C.A. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

12. Upon information and belief, some time prior to October 24, 2019, a financial obligation was allegedly incurred to Merrick Bank Corporation.

13. The aforementioned alleged financial obligations arose out of a transaction in which money, property, insurance, or services, which were the subject of the transaction, were primarily for personal, family, or household purposes.

14. The alleged obligation which arose from a transaction with Merrick Bank Corporation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Merrick Bank Corporation is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16. On or before October 24, 2019, Merrick Bank Corporation placed Plaintiff's account with Defendant for the purpose of collection.

17. Upon information and belief, Merrick Bank Corporation or subsequent owner of the Merrick Bank Corporation debt, CW NEXUS CC HOLDINGS, contracted with Defendant to collect the alleged debt.

18. Upon information and belief, Defendant is a company that utilizes communication methods including, but not limited to mail, telephone, or facsimile for the primary purpose of which is the collection of debts, or is a company that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes.

19. On or about October 24, 2019, Defendant caused to be sent a debt collection letter (hereinafter the "Letter") to Plaintiff. A true and correct copy of the Letter is attached hereto, made a part hereof, and marked as Exhibit "A".

20. Upon information and belief, the Letter was the first communication from Defendant to Plaintiff regarding the alleged debt.

21. The Letter outlined two "settlement offer[s]" and specifically delineated "this is an attempt to collect a debt… [t]his communication is from a debt collector." *See* Exhibit "A".

22. Said letter stated in part, "If you have any questions, please contact our office at 1-877-394-5975."

23. The Letter failed to provide a statement regarding Plaintiff's ability to dispute the validity of the debt or any portion thereof.

24. The Letter failed to provide a statement regarding Plaintiff's ability to notify the debt collector in writing that the alleged debt is disputed thereby prompting the debt collector to provide verification of the debt.

25. The Letter failed to provide a statement regarding Plaintiff's ability to notify the debt collector in writing requesting the name and address of the original creditor.

26. Defendant failed to, within five days of the initial communication, provide any information relevant to Plaintiff's consumer rights under 15 U.S.C. § 1692(g).

27. The Letter failed to provide any semblance of a thirty-day Validation Notice and failed to inform Plaintiff of Plaintiff's respective rights under 15 U.S.C. § 1692(g).

28. Upon receipt, Plaintiff read said letter.

29. Plaintiff, as would be any least sophisticated debtor in Plaintiff's position, was left unaware and uninformed as to their respective rights under 15 U.S.C. § 1692(g).

30. Particularly, Plaintiff and any least sophisticated debtor would not be informed or possess notice, following a reading of the Letter, of their ability to verify the validity of the alleged debt.

31. The provisions contained within 15 U.S.C. § 1692(g) "were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." *Wilson*

*v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), citing *Miller v. Payco-Gen. Am. Credits*, Inc., 943 F.2d 482, 484 (4th Cir. 1991).

32. Upon making a written notice of dispute to the debt collector, the collector is required to cease collection activities regarding the account until verification of the debt is provided to the debtor. 15 U.S.C. § 1692g(b).

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

34. A Congressional desire exists to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1997), reprinted in 1977 U.S.C.C.A.N. 1696, 1699.

35. Congress created statutory rights for consumers to receive certain information pertaining to alleged debts. Specifically included within these rights, is the ability to obtain information pertaining to methods by which Plaintiff may effectively dispute alleged debts, which Plaintiff was deprived of in this case.

36. Accordingly, Congress provided consumers a private cause of action against debt collectors fail to comply with the FDCPA who thereby engage in abusive, deceptive, and unfair practices. § 1692k.

37. Defendant's flagrant violations of the FDCPA further created the risk of real and substantial harm whereby Plaintiff provided payment for a debt incorrectly attributed to him or provided payment for a debt which Plaintiff already paid.

38. As a result of Defendant's violations of the FDCPA, Plaintiff suffered harm and various damages.

**CLASS ALLEGATIONS**

39. Plaintiff brings this claim on behalf of the following class pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendant mailed an initial collection letter, and subsequently failed to mail information regarding their statutory rights under the FDCPA with five days, in an attempt to collect a consumer debt owed to Merrick Bank Corporation or a subsequent owner of the consumer debt including, but not limited to, CW Nexus CC Holdings and which a collection letter was sent within the applicable statutes of limitation that lacks Validation Notice required by 15 U.S.C. § 1692g and that further constituted a false, deceptive, and misleading representation under 15 U.S.C. § 1692e.

40. Excluded from the classes are Defendant, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

41. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

42. Questions of law of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issue concerns whether Defendant's written communications to consumers, in the form as attached as Exhibit "A", violates 15 U.S.C. § 1692e and 1692g.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

44. **Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate the protections provided the

FDCPA. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

45. **Commonality – Pennsylvania Rule of Civil Procedure 1702(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a. Whether Defendant's written communications to consumers, in the form as attached as Exhibit "A", violates 15 U.S.C. §§ 1692e and 1692g;

b. Whether Plaintiff and the Class have been injured or sustained damages and are entitled to remedy as a result of Defendant's conduct and if so, what the appropriate measure and statutory formula to be applied in making such a determination;

c. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

46. **Typicality – Pennsylvania Rule of Civil Procedure 1702(3).** The Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

47. **Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to

vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

48. **Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1).** Common questions of law and fact predominate over any questions affecting only individual class members. Defendant's liability and the fact of damages is common to Plaintiffs and each member of the Class. For example, whether Defendant violated the FDCPA, 15 U.S.C. § 1692, *et seq.* by omitting and failing to provide a Validation Notice within Defendant's dunning letter.

49. **Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(1).** While the precise size of the class is unknown without the disclosure of Defendant's records, the claims of Plaintiff and the class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

50. **Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3).** If the claims of Plaintiff and the members of the Class were tried separately, Defendant may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class were tried individually, adjudications with respect to individual class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute

their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

51. **Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4).** To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

52. **The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5).** This is the most appropriate forum to concentrate the litigation because Defendant resides in this County and a substantial number of class members were injured in this County.

53. **The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7).** Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer the loss of statutory protected rights as well as monetary damages.

54. **The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2).** Defendants uniform non-compliant letters are generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

## CAUSES OF ACTION

### COUNT I
### Asserted on behalf of Plaintiff and Class, against Defendant
### Violations of the FDCPA, 15 U.S.C.A. § 1692, *et seq.*

55. Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

56. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

57. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

58. Plaintiff is a consumer as defined by § 1692a(3) of the FDCPA. "The term "consumer" means any natural person obligated or allegedly obligated to pay any debt." § 1692a(3).

59. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 1692a(5).

60. Plaintiff did not make purchases or use credit to make purchases that were related to any business purposes. All purchases were primarily for personal, family and/or household use.

61. Within § 1692g of the FDCPA are provisions which mandate debt collectors to provide consumers with notice regarding the consumer's ability to request validation of the alleged debt sought to be collected by the debt collector.

62. These provisions *require* the debt collector to include the following information within a debt collection letter to the consumer:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)

63. These provisions are referred to as the "validation notice" and the consumer's ability to understand the respective rights contained within the validation notice is evaluated under a hypothetical and objective "least sophisticated debtor" standard. *Wilson* at 354.

64. On or about October 24, 2019, Defendant mailed the Letter to Plaintiff in an attempt to collect an alleged debt.

65. The Letter outlined two "settlement offer[s]" and specifically delineated that the intention of the letter was to "collect a debt" and was a communication "from a debt collector." *See* Exhibit "A".

66. The Letter failed to provide the consumer with any information regarding Plaintiff's rights under the FDCPA and specifically §§ 1692g(a)(3), (4), and (5).

67. Specifically, the Letter failed to provide any statements notifying Plaintiff of his right to dispute the validity of the alleged debt sought to be collected within the Letter. *See* Exhibit "A".

68. The Letter failed to provide any statements notifying Plaintiff that unless Plaintiff disputed the validity of the alleged debt, or any portion thereof, then the debt would be assumed valid as mandated by § 1692g(a)(3). *See* Exhibit "A".

69. Thereby, within the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt *in writing* under § 1692g(a)(3)

70. The Letter failed to provide any statements informing Plaintiff that if he notified the debt collector of a dispute with the alleged debt then the debt collector would obtain and provide verification of the debt as mandated by § 1692g(a)(4). *See* Exhibit "A".

71. The Letter failed to provide any statements informing Plaintiff that upon Plaintiff's written request the debt collector would provide Plaintiff with the name and address of the original creditor if different than the current creditor as mandated by § 1692g(a)(5).

72. Further, Defendant failed to, within five days of the initial communication, provide any additional information relevant to Plaintiff's consumer rights under 15 U.S.C. § 1692(g)(a).

73. Following a reading of the Letter, the least sophisticated consumer would be unaware of their ability to exercise their consumer rights contained within § 1692g of the FDCPA.

74. The least sophisticated debtor would not possess an awareness of their consumer rights to inquire and contest the validity of the alleged debt leaving the alleged debt to be assumed valid by the debt collector.

75. Specifically, with regard to section 1692g(a)(3), the Third Circuit has made clear that "any dispute, to be effective, must in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

76. A written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirement.

77. "Thus, [Defendant's] validation notice does not provide a clear directive to the debtor that a dispute must be in writing… The only information presented to the least sophisticated debtor to determine whether the debt must be disputed in writing is the validation notice. Because the validation notice does not expressly inform the debtor that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing." *Durnell v. Stoneleigh Recovery Assocs., LLC,* 2019 U.S. Dist. LEXIS 2270, *8-9, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019).

78. Defendant violated § 1692g by failing to clearly and effectively convey to Plaintiff the rights imbued upon Plaintiff as a consumer under § 1692g of the FDCPA.

79. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

80. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

81. As a direct and proximate result of Defendants' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

**COUNT II**
**Asserted on behalf of Plaintiff and Class, against Defendant**
**Violations of the FDCPA, 15 U.S.C.A. § 1692, *et seq.***

82. Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

83. Section 1692e of the FDCPA provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e)

84. Defendant's failure to inform Plaintiff of his statutory rights disadvantaged Plaintiff in Plaintiff's ability to verify, validate, and obtain information regarding the alleged debt.

85. Defendant's failure thereby constituted a deceptive representation in connection with the collection of any debt.

86. Further, the absence of the statutory language required under § 1692g constituted false and misleading representations as it left Plaintiff without the knowledge of his ability to avail himself of the Congressionally imbued consumer rights and impressed upon him the notion that he was without possession of the aforementioned rights.

87. Defendant's debt collection efforts directed towards Plaintiff violated § 1692e(10) by failing to provide any statements informing Plaintiff of his consumer rights imbued by the FDCPA.

88. Section 1692k(a) of the FDCPA provides, in relevant part:

> ...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

89. As a direct and proximate result of Defendants' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, David Phillips, on his own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Carson Smithfield, LLC, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D. Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper

**JURY DEMAND**

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: November 8, 2019

By: ______________________
Joshua P. Ward (Pa. I.D. No. 320347)
Brian J. Fenters (Pa. I.D. No. 320202)

The Rubicon Building
201 South Highland Avenue,
Suite 201
Pittsburgh, PA 15206

Counsel for Defendant

**VERIFICATION**

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: November 8, 2019

By: ______________________

Joshua P. Ward (Pa. I.D. No. 320347)
Brian J. Fenters (Pa. I.D. No. 320202)

The Rubicon Building
201 South Highland Avenue,
Suite 201
Pittsburgh, PA 15206

Counsel for Defendant